UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN KUCINSKI,

    Plaintiff,

vs.

SANTANDER CONSUMER
USA, INC.,

    Defendant.
_____/

CASE NO. 8:16-CV-1707-T-36 AAS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, KATHLEEN KUCINSKI ("Plaintiff"), files this lawsuit against Defendant, SANTANDER CONSUMER USA, INC., ("Defendant"), and alleges the following.

1. This is an action for damages arising from the Defendant's violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq.*, and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

3. Defendant has its principal place of business located in Dallas, Texas, that does business in Florida and has a registered agent in Florida.

4. The Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

5. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (727-XXX-5128), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims. This Court should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTUAL ALLEGATIONS

8. In or around February 2015, Plaintiff procured a loan with the Defendant, using her automobile as collateral for the loan (hereinafter "Subject Debt").

9. The Subject Debt is considered a "consumer debt" as defined by the FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

10. In or around January 2016, Plaintiff was involved in a serious car accident, which totaled the automobile at issue.

11. Plaintiff was seriously injured in this accident, leaving her unable to work and thus make payments to Defendant.

12. In or around April 2016, Defendant began a campaign of harassing and abusive efforts in an attempt to collect the Subject Debt owed by Plaintiff.

13. As part of its efforts to collect the Subject Debt, the Defendant began a campaign of calling Plaintiff's cellular telephone number. The Defendant's calls were made frequently and often multiple times per day.

14. Defendant autodialed Plaintiff's cellular telephone on the following dates and times:

   a. 4/23/16 at 11:55 am
   b. 4/24/16 at 8:20 am
   c. 4/25/16 at 12:46 pm
   d. 4/26/16 at 8:16 am
   e. 4/26/16 at 6:13 pm
   f. 4/27/16 at 9:38 am
   g. 4/27/16 at 7:45 pm
   h. 4/28/16 at 8:57 am
   i. 4/28/16 at 7:15 pm
   j. 4/29/16 at 10:23 am
   k. 4/29/16 at 6:08 pm
   l. 4/30/16 at 9:46 am
   m. 5/1/16 at 3:29 pm
   n. 5/2/16 at 8:10 am
   o. 5/2/16 at 1:41 pm
   p. 5/2/16 at 5:06 pm
   q. 5/3/16 at 9:53 am
   r. 5/3/16 at 2:39 pm
   s. 5/3/16 at 8:40 pm
   t. 5/4/16 at 2:29 pm
   u. 5/4/16 at 8:10 pm
   v. 5/6/16 at 11:00 am
   w. 5/6/16 at 11:41 am
   x. 5/9/16 at 9:51 am
   y. 5/9/16 at 2:47 pm
   z. 5/9/16 at 7:23 pm
   aa. 5/10/16 at 9:45 am
   bb. 5/10/16 at 3:14 pm
   cc. 5/20/16 at 9:42 am
   dd. 5/23/16 at 12:29 pm
   ee. 5/23/16 at 3:09 pm
   ff. 5/24/16 at 8:25 am
   gg. 5/24/16 at 2:12 pm
   hh. 5/24/16 at 6:55 pm
   ii. 5/25/16 at 10:22 am

15. During the May 6, 2016 call at 11:41 a.m., Plaintiff informed Defendant that she was in a serious car accident which resulted in a total loss to the automobile. She was seriously injured and unable to work. Thus, she could not afford to pay the Subject Debt. Plaintiff then requested Defendant to stop calling her cellular telephone.

16. During the May 20, 2016 call at 9:42 a.m., Plaintiff again requested Defendant to stop calling as she did not have money to pay the Subject Debt.

17. During the May 25, 2016 call at 10:22 a.m., Plaintiff again requested Defendant to stop calling as she did not have money to pay the Subject Debt.

18. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

19. Defendant routinely used an automatic telephone dialing system ("ATDS") to call Plaintiff on her cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling her cellular phone.

20. When Defendant called Plaintiff's cellular phone, she would answer and say "hello" a few times before Defendant would respond. This is common indicator that Defendant was using an ATDS to call Plaintiff.

21. Further, Defendant has a corporate policy to use an ATDS and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

22. The Defendant's willful conduct has caused Plaintiff distress, anxiety, emotional distress and depression.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

24. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

25. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

27. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

28. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

29. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

31. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

*[signature]*

Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiff*